# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

| | | |
|---|---|---|
| **ALBERTA WILLIS** | **\*** | **CIVIL ACTION NO. 12-2603** |
| **VS.** | **\*** | **JUDGE DOHERTY** |
| **DOLGENCORP L.L.C. ET AL** | **\*** | **MAGISTRATE JUDGE HILL** |

## RULING ON MOTION TO REMAND

Pending before the undersigned is the Motion to Remand filed by plaintiff, Alberta Willis ("Willis"), on November 6, 2012. [rec. doc. 6]. Defendant, Dolgencorp, LLC ("Dolgencorp"), filed opposition on January 9, 2013. [rec. doc. 14]. Oral argument was held on February 20, 2013.

For the following reasons, the motion is **DENIED**.

## Background

On August 21, 2012, Willis, a Louisiana resident, filed suit for personal injuries against Dolgencorp in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana. Dolgencorp is a foreign corporation incorporated in the State of Tennessee whose principal place of business is in Tennessee.

Willis alleged that on August 21, 2011, she tripped and fell on the door mat while leaving the Dollar General store located at 1225 Carmel Drive in Lafayette, Louisiana. She asserted that as a result of the accident, she suffered injuries to her leg, head, neck, discs, ligaments, spine, back, and whole body. [rec. doc. 14, p. 2].

Additionally, plaintiff alleged she was entitled to damages for physical injuries; past, present, and future physical pain and/or suffering; past, present, and future mental pain and anguish; past, present, and future medical expenses; past, present, and future loss of income and/or earning capacity; loss of enjoyment of life and/or mental anguish, and/or other damages to be proven at trial.  [rec. doc. 14, p. 2].

On September 11, 2012, counsel for Dolgencorp sent correspondence to Willis' counsel requesting that Willis execute a stipulation limiting her damages to less than $75,000.00.  [rec. doc. 14-1, p. 5].  Plaintiff refused to sign the stipulation.  Accordingly, on September 28, 2012, Dolgencorp removed the action to this Court.

On November 6, 2012, Willis filed a Motion to Remand on the grounds the amount in controversy requirement set forth in 28 U.S.C. § 1332 had not been satisfied.  [rec. doc. 6].  In its Opposition, Dolgencorp alleged that removal was proper because "it is facially apparent from the allegations of Plaintiff's Petition for Damages that the amount in controversy exceeds the requisite jurisdictional amount."  [rec. doc. 14, p. 4].

## Analysis

Removal to this Court was pursuant to 28 U.S.C. § 1441(a), which allows for removal of any civil action over which a United States district court has jurisdiction.  Dolgencorp asserted that this Court has jurisdiction pursuant to 28 U.S.C. § 1332, providing that federal district courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of

different states.  Since the parties do not dispute that diversity of citizenship exists, the sole question before the Court is whether the amount in controversy requirement has been met.

The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  Louisiana prohibits plaintiffs from petitioning for a specific monetary amount.  *See* La.Code Civ. P. art. 893(A)(1).  Therefore, where, as here, the petition does not include a specific monetary demand, Dolgencorp must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (*citing De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)).

This requirement is met if: (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir.1999).

Here, Willis alleged in the Petition that as a result of the accident, she suffered injuries to her leg, head, neck, discs, ligaments, spine, back, and whole body.  Additionally, plaintiff asserted damages for past, present, and future physical pain and/or suffering; past, present, and future mental pain and anguish; past, present, and future medical expenses; past, present, and future loss of income and/or earning capacity; loss of enjoyment of life and/or mental anguish, and/or other damages.  Dolgencorp has cited cases in which damages exceeding $75,000 were

awarded to plaintiffs alleging similar injuries.  *Martin v. ERMC, II*, 2009-491 (La. App. 3 Cir. 11/4/2009); 23 So.3d 1008 (upholding general damages award of $103,000 for cervical and lumbar strain, possible spinal pathology, associated headaches, possible median neuropathy, right forearm contusion and upper back spasms); *Rehm v. Morgan*, 04-344 (La. App. 5 Cir. 10/26/04); 885 So.2d 687 (stating that a bulging disc in the lumbar area of the spine is worth an award of $50,000 in general damages and that the minimum amount that should be awarded for a herniated disc, regardless of the area of the spine, is worth a minimum of $100,000). Additionally, counsel for the plaintiff conceded that he refused to sign the offered stipulation that the damages in the case did not exceed the $75,000 jurisdictional amount.

Louisiana Code of Civil Procedure Article 893(A)(1) provides, in pertinent part, as follows:

> No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises *except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required*.

(emphasis added).

In this case, Willis' petition is silent on the damages sought.  Thus, plaintiff has, in effect, conceded in her state court pleadings that the requisite jurisdictional amount is in controversy.  *Carrier v. Veolia Water North America Operating Services, L.L.C.*, 2007 WL 2350258, *1 (W.D. La. July 6, 2007).  This creates a "strong presumption" in favor of federal

jurisdiction. *Id.* (*citing St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 290, 58 S.Ct. 586, 591, 82 L.Ed. 845 (1938).

Thus, I find that it is facially apparent from the complaint that the amount in controversy is likely to exceed $75,000.

Once defendant has proven that the value of the claim is likely to exceed $75,000, the the case should be remanded only if plaintiff can prove to a legal certainty that her recovery will fall below $75,000. *Manguno*, 276 F.3d at 724. Willis may establish this by identifying a statute, or by filing a binding stipulation, that so limits her recovery. *Id.*

Here, Dolgencorp has met its burden of showing that the amount in controversy existed at the time of removal. Willis failed to execute a stipulation limiting her damages to less than the jurisdictional amount or identified a statute that so limits her recovery. Thus, Willis failed to demonstrate to a legal certainty that the amount in controversy did not exceed the jurisdictional amount at the time of removal.

**<u>Conclusion</u>**

For the foregoing reasons, the Motion to Remand is **DENIED**.

February 21, 2013, Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

5