RECEIVED

NOV 2 6 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| ALBERTA WILLIS | CIVIL ACTION NO. 12-2603 |
| VERSUS | JUDGE DOHERTY |
| DOLGENCORP LLC, ET AL. | MAGISTRATE JUDGE HILL |

### MEMORANDUM RULING

Pending before this Court is a Motion for Summary Judgment [Doc. 20] filed by the defendant, Dolgencorp, LLC, d/b/a Dollar General ("Dollar General"). The motion is opposed by the plaintiff [Doc. 26][, and Dollar General has filed a Motion for Leave to File a Reply Brief [Doc. 28], which is GRANTED.

The instant lawsuit arises out of a slip and fall in a Dollar General store in Lafayette, Louisiana on August 21, 2011. Plaintiff alleges she tripped and fell over a floor mat that was lying directly inside the store's front door. The Louisiana law of merchant liability, La. Rev. Stat. §9:2800, *et seq.*, governs the plaintiff's claims in this slip and fall matter, which is proceeding in this Court on the basis of diversity jurisdiction.

I.  **Analysis of the Motion for Summary Judgment**

   A.  **Summary Judgment Standard**

   A party claiming relief, or a party against whom relief is sought, may move, with or without supporting affidavits, for summary judgment on all or part of the claim. Fed. R. Civ. Proc. 56(a) and (b). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on

file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c)(1)(2).

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. Proc. 56(e). In general, as summarized by the Fifth Circuit in *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir. 1994):

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). However, where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. *Id.* at 322; *see also, Moody v. Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir.1993); *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir.1991). Only when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party" is a full trial on the merits warranted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The Supreme Court has instructed:

[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Where no such showing is made, "[t]he moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."

*Lujan v. National Wildlife Federation*, 497 U.S. 871, 884 (1990)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). The Court later states:

> In ruling upon a Rule 56 motion, "a District Court must resolve any factual issues of controversy in favor of the non-moving party" only in the sense that, where the facts

> specifically averred by that party contradict facts specifically averred by the movant, the motion must be denied. That is a world apart from "assuming" that general averments embrace the "specific facts" needed to sustain the complaint. As set forth above, Rule 56(e) provides that judgment shall be entered against the nonmoving party unless affidavits or other evidence set forth specific facts showing that there is a genuine issue for trial. The object of this provision is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit. Rather, the purpose of Rule 56 is to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues.

*Id.* at 888-89 (1990)(internal quotations and citations omitted). The Fifth Circuit has further elaborated:

> [The parties'] burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. ...[S]ummary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)(citations and internal quotations omitted).

Finally, in evaluating evidence to determine whether a factual dispute exists, "credibility determinations are not part of the summary judgment analysis." *Id.* To the contrary, in reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party, as well as that evidence supporting the moving party that is uncontradicted and unimpeached. *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir. 2001).

**B.     Analysis of the Motion**

Dollar General argues the plaintiff's claims are governed by the Louisiana law of merchant liability, contained in La. Rev. Stat. 9:2800.6, and the plaintiff does not dispute this.[1] The Louisiana Supreme Court has held that under this statute, the term "constructive notice" requires a temporal

---

[1] La. Rev. Stat. §9:2800.6 states:

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

   (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

   (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

   (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:

   (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

   (2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.

D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322, or 2695.

La. Rev. Stat. §9:2800.6 (West 2010).

element:

> This statute is clear and unambiguous. The statute uses the mandatory "shall." Thus, in addition to all other elements of his cause of action, a claimant must also prove each of the enumerated requirements of Section (B). The conjunctive "and" follows Section (B)(2). Thus, Sections (B)(1), (B)(2), and (B)(3) are all mandatory. The requirement of Section (B)(2) is that the merchant created or had actual or constructive notice of the condition prior to the occurrence. That is clear and unambiguous. Constructive notice, at issue here, is defined by Section (C)(1). The definition is likewise clear and unambiguous. ***There is a temporal element included: "such a period of time ..." The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall.*** A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall. Notwithstanding that such would require proving a negative, the statute simply does not provide for a shifting of the burden.
>
> [ . . . ]
>
> **Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time ... "** *Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question*; **however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute.** *Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall.* **This is not an impossible burden.**

*White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084-85 (La. 1997) (emphasis added).

In its motion, Dollar General argues plaintiff cannot show Dollar General had actual or constructive knowledge of the hazardous condition or that Dollar General failed to exercise reasonable care. Additionally, Dollar General argues plaintiff does not satisfy the temporal condition of the constructive notice requirement, that is, that a hazardous condition existed on the merchant's premises for some period of time prior to the accident such that Dollar General would have discovered its existence through the exercise of ordinary care.

In support of its motion, Dollar General presents the Affidavit of assistant store manager James Lafleur, who attests to the following:

11. I saw the floor mat that Ms. Willis allegedly tripped on ("floor mat") no more than two (2) minutes before her alleged fall.

12. The floor mat was placed indoors at the exist/entrance of the Store.

13. Two (2) minutes before Ms. Willis's alleged fall,

    a. There were no folds in the floor mat that allegedly caused her to fall.

    b. The floor mat was laying flat on the floor in a position that did not present any risk of harm to customers entering or exiting the Store.

14. On August 21, 2011, it was practice and policy of the Dollar General employees to look out for any conditions on the Store's floor that may present a risk of harm to customers, and remove any condition if observed.

15. If I had seen a fold in the floor mat, I would have flattened it out and made sure it was positioned so that it did not present any risk of harm to customers entering or exiting the Store.

16. The other employees in the store were not aware of any unsafe conditions in the area where Ms. Willis allegedly fell including, but not limited to, a fold in the floor mat.

17. No one informed me of a fold in the floor mat or any other condition pertaining to the floor mat that may have presented a risk of harm before Ms. Willis's alleged fall.

18. I was not aware of any fold in the floor mat or any condition presenting a risk of harm in the Store before Ms. Willis' alleged fall.[2]

In response, the plaintiff argues she cannot respond to the pending motion because discovery is incomplete. Specifically, the plaintiff argues only one deposition has been taken in this case (that of the plaintiff herself), and that she – the plaintiff – has taken no depositions. The plaintiff also

---

[2] *See* Affidavit of James Lafleur, attached as Exhibit "3" to Dollar General's Motion for Summary Judgment, Doc. 20.

argues she propounded written discovery on Dollar General, but has not received written responses, and that she "is awaiting these answers and responses prior to scheduling depositions in this matter."[3] Based on the foregoing, the plaintiff argues the instant motion is premature; she is prejudiced in responding to the instant motion because of the lack of discovery; the motion should be denied, or alternatively, the motion should be continued "without date" pending the completion of discovery.

With respect to the substance of the motion, the plaintiff argues summary judgment is inappropriate, as there is a genuine issue of material fact as to whether there was a fold or a pleat in the mat before the plaintiff fell. In support of her argument, the plaintiff points to the testimony of Mr. Lafleur, who stated there was no fold in the mat two minutes before the plaintiff fell, and the deposition testimony of the plaintiff, who – plaintiff argues – testified there *was* a fold in the mat before she fell.

The plaintiff's argument is, at best, unpersuasive, and at worst, misleading. The testimony of the plaintiff is as follows:

> Q: Okay. How do you know you tripped on the floor mat?
>
> A: Because I know my foot was in it.
>
> Q: When it was in it, what do you mean the foot was in it?
>
> A: You know, well, it was covering my – the top of my foot. That's how I know that it had tripped me.
>
> Q: Okay. You said it was covering the top of your foot?
>
> A: Yeah. You know, it was fold like.
>
> Q: There was a fold in it?

---

[3] *See* plaintiff's "Memorandum in Opposition to Defendant's Motion for Summary Judgment and Alternatively Motion to Continue," Doc. 26, at p. 2.

> A: Yeah. Yeah. When I – when I trip, I guess it, you know, went this way, whatever. I don't know how it happened.
>
> Q: **Did you see a fold in the mat before you fell?**
>
> A: **Yeah, it was a little pleat.**
>
> Q: <u>**Let me – did you see that pleat or the fold in the mat before you fell?**</u>
>
> A: <u>**No, I didn't.**</u>[4]

Despite ending her citation to the deposition testimony at this point, the attached deposition transcript shows the plaintiff clarified her answer that *she did not see the fold in the mat before she fell* in her answer to the next question, to wit:

> Q: <u>**You saw that after you fell?**</u>
>
> A: <u>**After I fell, yes**</u>.
>
> Q: **Okay. Describe the fold to me that you noticed <u>after you fell</u>.**
>
> A: It was – it was – had a little fold in it, you know, like a little pleat.
>
> Q: Was it – was it on the end of the rug or was it in the middle of the rug?
>
> A: It was the middle.
>
> Q: Okay. **And that was after you fell, correct?**
>
> A: **Yeah.** Well, I was still on the – I was still on the ground, and – I mean on the floor. And I looked and I could see.[5]

---

[4] *See* Deposition of Alberta Willis, attached as Exhibit "C" to plaintiff's opposition brief, Doc. 26, at p. 42, l. 1-13 (emphasis added).

This Court notes that despite citing this Court to page 42 of the plaintiff's deposition transcript, the actual deposition testimony in question clearly begins on page 41 of the transcript, which has not been provided to the Court. Without the benefit of the entire transcript, or at least the page on which the cited testimony begins, it is difficult for this Court to obtain a complete and accurate picture of the plaintiffs' testimony.

[5] *Id.* at p. 42, l. 14-25; p. 43, l.1 (emphasis added).

Thus, based on this Court's review of the plaintiffs' deposition testimony provided by plaintiff, it is clear the plaintiff's testimony does not conflict with the affidavit testimony of Mr. Lafleur. Mr. Lafleur stated that two minutes prior to the accident, he did not see a fold in the mat. Similarly, the plaintiff testified she did not see a fold in the mat prior to her fall. Thus, the plaintiff's deposition testimony is consistent with the testimony of Mr. Lafleur.

The Louisiana Supreme Court has made clear:

> *"[w]hether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question;* however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. *Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall.* This is not an impossible burden.

*White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084-85 (La. 1997) (emphasis added).

This Court concludes the plaintiff has not satisfied her burden of showing a genuine issue of material facts as to whether the condition in question – a fold in the floor mat – <u>existed for some time</u> before the plaintiff's fall. The plaintiff has presented no evidence of the required temporal element. In short, it is undisputed that the plaintiff did not see a fold in the floor mat prior to falling and is unable to offer any evidence that the alleged hazardous condition existed "for some time period" prior to her fall.

Additionally, the plaintiff's argument that the conflicting testimony creates an issue of fact that precludes summary judgment is without merit. First, as this Court has stated, the testimony is not inconsistent, as demonstrated herein. Second, the plaintiff – *who has the burden to make a positive showing of the existence of the condition for some period of time prior to the fall* – has come

forward with no evidence to prove the temporal element. In *White*, the court stated:

> Initially, we turn to the appellate court's speculation regarding the trial court's resolution of the "disputed fact" of whether employee Robinson could or should have noticed the spill. Notwithstanding the contradictory testimony of intervening displays which may have blocked Robinson's view, the plaintiff herself, upon making two approaches, failed to see the liquid. Also, plaintiff's grandchild testified that he likewise did not see the liquid prior to the fall. There was no evidence introduced that Robinson could see the spill or even that area of the floor from her station. Without additional supporting evidence, a determination that an employee fifteen feet away "could have noticed the spill" of a clear liquid that plaintiff and those accompanying her did not notice after having traversed the area twice, is an unsupported assumption. To find constructive notice based upon such without any positive showing of how long the spill was in existence or if it could be seen from Robinson's zone is error. ***Even entirely discounting Robinson's testimony, we are left with no positive evidence that the spill or the floor was visible from Robinson's zone. To speculate that the trial court found constructive notice based upon such is likewise error.***

699 So.2d at 1085 (emphasis added) (internal citations omitted).

Similarly, in the instant case, even entirely discounting the testimony of Mr. Lafleur, this Court is left with no positive evidence that there was a fold in the mat for "some period of time" such that the defendant should have noticed it. Indeed, the plaintiff has come forward with no evidence establishing the temporal element of actual or constructive notice, as is her burden. Louisiana law is clear that it is the plaintiff's burden to prove each element of her cause of action under La. R.S. 9:2800.6(B). The Louisiana Supreme Court has held that where the plaintiff fails to otherwise prove the defendant had constructive notice of the hazardous condition, the defendant is entitled to summary judgment. *See, e.g., Glass v. Home Depot USA, Inc.*, 50 F.3d 832, 836 (La. App. 5th Cir. 2010).

Consequently, Dollar General is entitled to judgment as a matter of law on the plaintiff's claim, as there is no genuine issue of fact for trial, and the plaintiff cannot prove all of the required

elements of her claim.

## II. Plaintiff's Request for a Continuance

Finally, this Court addresses the plaintiff's argument that the pending motion is premature and the motion should be continued "without date" so that additional discovery can be conducted.

As an initial matter, this Court notes the plaintiff's reliance on La. Code Civ. P. art. 966(B) and (C)(1) in support of her argument is misplaced.[6] A federal court sitting in diversity or exercising supplemental jurisdiction over state law claims must apply state substantive law, but a federal court applies federal rules of procedure to its proceedings. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 92, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) ("[N]o one doubts federal power over procedure."). The United States Supreme Court has recognized that summary judgment standards are *procedural* rules. *See Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 130 S.Ct. 1431, 1441, 176 L.Ed.2d 311 (2010). As such, Rule 56 of the Federal Rules of Civil Procedure – and not Louisiana Code of Civil Procedure article 966 – governs the appropriateness of summary judgment

---

[6] Article 966(B) states in relevant part:

B. . . . .(2) The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. If the motion for summary judgment is denied, the court should provide reasons for the denial on the record, either orally upon rendition or in writing sua sponte or upon request of a party within ten days of rendition.

Article 966(C)(1) states:

C. (1) After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.

La. Code Civ. P. Art. 966(B) & (C).

in this matter.

It is well-settled Rule 56(f) is the appropriate vehicle by which to inform the Court that a motion for summary judgment cannot be responded to because of the need for additional discovery. To obtain a continuance of a motion for summary judgment under Rule 56(f), the non-movant must: "(i) request [ ] extended discovery prior to the court's ruling on summary judgment; (ii) put the trial court on notice that further discovery pertaining to the summary judgment motion is being sought; and (iii) demonstrat[e] to the trial court specifically how the requested discovery pertains to the pending motion." *See, e.g., Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir.1992). However, a party that has been dilatory in conducting discovery is not entitled to relief under Rule 56(f). As the court explained in *Baker v. American Airlines, Inc.*:

> For a party to mandate relief under Rule 56(f), the party must show "both why it is currently unable to present evidence creating a genuine issue of fact and how a continuance would enable the party to present such evidence. The ... party may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts in opposition to summary judgment." . . . ***Moreover, another criteria for relief under Rule 56(f) is that the movant must have exercised due diligence in discovery.*** Again, Baker's actions justify denial of the requested relief. Baker did not initiate discovery until the last days of the allotted time. By that time, any responses were not required until after the summary judgment briefing schedule was completed. Baker knew (or should have known) the briefing schedule and the discovery period. Nevertheless, she failed to act diligently in the pursuit of evidence. Her problem is one of her own making; Rule 56(f) precludes appellate relief in this situation.

430 F.3d 750, 756-57 (5th Cir. 2005) (emphasis added) (internal citations omitted).

In the instant matter, the Court notes the plaintiff does not invoke Rule 56(f) in seeking a continuance of the motion on grounds that additional discovery is necessary, but nevertheless argues facts which bring the analysis within the purview of Rule 56(f). Specifically the plaintiff argues she has not had the opportunity to take depositions in this matter, because she has been awaiting the

responses of Dollar General to her written discovery before scheduling any depositions. What the plaintiff fails to indicate in her response is that *she did not propound her written discovery on Dollar General until September 3, 2013, the discovery deadline in this matter*. Dollar General is correct that it had thirty days to respond to the discovery and, in fact, propounded responses to the plaintiff on September 25, 2013. Importantly, Dollar General waited to file its motion until *after the discovery deadline had passed*. Thus, the plaintiff had ample opportunity under this Court's scheduling order – from roughly November 2012, when discovery began, to September 3, 2013, when discovery ended and the instant motion was filed – within which to conduct any discovery she needed to oppose a motion such as the one that was filed. That the plaintiff waited until the discovery deadline to propound its first set of written discovery does not foreclose Dollar General from filing its motion and obtaining a ruling from the court on the issues presented.

Additionally, the record shows Dollar General provided the plaintiff with Initial Disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), on *November 2, 2012*.[7] These Initial Disclosures contain the names and contact information of five individuals – including Mr. Lafleur – who are listed as witnesses with information relating to the facts of the incident in question. The record is silent as to a reason the plaintiff did not schedule the depositions of these individuals prior to the discovery deadline. Considering the forgoing, this Court concludes the plaintiff has been dilatory in conducting discovery in this case.

Furthermore, even if this Court were to assume the plaintiff could demonstrate a good faith reason why she has not conducted discovery in this case, the plaintiff's request for Rule 56(f) relief

---

[7] *See* Dollar General's Initial Disclosures, attached as Exhibit "3" to Motion for Leave to File Reply Brief, Doc. 28.

would fail because the plaintiff fails to satisfy a required element of the rule, namely, that which requires her to demonstrate to the district court with reasonable specificity how the requested discovery would likely pertain to the pending summary judgment motion. *Enplanar, Inc v. Marsh*, 11 F.3d 1284, 1292 (5th Cir. 1994), *citing Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir.1993) (holding that a nonmovant's Rule 56(f) motion was insufficient where "absent from the affidavit was an explanation of ... how the materials listed in the plaintiff's first document request, or in the handwritten list appended to the affidavit, would enable plaintiff to oppose defendant's summary judgment motion by establishing a genuine issue of material fact"). Here, the plaintiff's excuse for not obtaining discovery is that she was "awaiting" responses to written discovery – which was not propounded until the discovery deadline of September 3, 2013 – to schedule depositions. The plaintiff does not identify what discovery she wishes to take, or how that discovery would or could create a fact issue to overcome Dollar General's motion for summary judgment. As the Court stated in *Emplanar*:

> Certainly, we are not requiring clairvoyance on the part of the Contractors. They do not need to know the precise content of the requested discovery, but they do need to give the district court some idea of how the sought-after discovery might reasonably be supposed to create a factual dispute. The mere fleeting mention of a matter, without a description of its likely relevance, will not suffice to alert the district court to the potential importance of that undiscovered item. Therefore, the district court did not abuse its discretion in denying additional discovery.

11 F.3d at 1292.

Here, the plaintiff has made only a "fleeting mention of [the] matter, without a description of [the discovery's] likely relevance." The foregoing does not suffice to alert this Court to the potential importance of any undiscovered evidence. Considering the foregoing, this Court concludes the plaintiff fails to satisfy the required elements for relief under Rule 56(f). The foregoing failure,

combined with the fact that the plaintiff was clearly dilatory in the conduction of discovery, satisfies this Court that she is not entitled to relief under Rule 56(f).

### III.   Claim under Louisiana Civil Code article 2315

Finally, this Court addresses the plaintiff's inclusion of a potential claim under Article 2315 of the Louisiana Civil Code in her complaint. Despite not disputing the defendant's characterization of her claims as arising under La. Rev. Stat. §9:2800, in her complaint, the plaintiff alleges liability based on, *inter alia*, "other facts, failures to act, to be shown at trial and other violations of C.C. Art. 2315 and/or La. R.S. 9:2800, *et seq*."[8] The plaintiff does not reference Article 2315 in any other briefing before the Court, and specifically does not object to the defendant's characterization of her claims as falling exclusively within La. Rev. Stat. §9:2800 in its motion. Thus, neither party argues the potential application of Article 2315 and the general Louisiana law of negligence to the summary judgment analysis of the plaintiff's claims herein, despite the fact that Dollar General seeks dismissal of *all* of the plaintiff's claims, and the reference to Article 2315 in the plaintiff's complaint. Nevertheless, to the extent the plaintiff's Complaint can be read to include a claim for negligence under Article 2315, this Court addresses the issue briefly.

In *Davis v. Wal-Mart Stores, Inc.*, the Louisiana Supreme Court distinguished between cases in which a customer falls on a merchant's premises and cases in which falling merchandise injures a customer. 774 So.2d 84, 89 (La. 2000). *Davis* involved falling merchandise as opposed to a customer falling on the merchant's premises. Distinguishing between the two, the court stated:

> On the issue of liability, the trial court charged the jury both on a standard of negligence under La. Civil Code article 2315 and on strict liability under Civil Code article 2317. . . . . **The applicable statute as to liability in this case is La. R.S.**

---

[8] *See* plaintiff's Complaint, Doc. 1, at ¶5(H).

> 9:2800.6 which governs negligence claims brought against a merchant, such as Sam's. La. R.S. 9:2800.6 . . . <u>This court has held . . . that the heightened burden under R.S. 9:2800.6(B) is applicable only in situations where a customer "falls" on a merchant's premises.</u> In a "falling merchandise" case under R.S. 9:2800.6(A), as in the present case, the standard is that the merchant must use reasonable care to keep its aisles, passageways and floors in a reasonably safe condition and free of hazards which may cause injury. . .

*Id.* at 90 (emphasis added).

Thus, the *Davis* court was clear that in cases involving a customer failing on a merchant's property, §9:2800 applies and the general precepts of Article 2315 do not apply. Scores of subsequent district courts have solely applied the merchant liability statute to cases involving a customer falling on a merchant's premises. *See, e.g., Melton v. Smith*, 940 So.2d 89, 92 (La. App. 2nd Cir. 2006) ("The imposition of tort liability on a merchant for a patron's injuries resulting from an accident is governed by La. R.S. 9:2800.6."); *Calvert v. Travelers Property Ins. Co.*, 56 So.3d 453, 455-56 (La. App. 3r Cir. 2011) (court specifically rejected plaintiff's argument that her claim arose under Article 2315, concluding her claim arose under §9:2800 and Article 2317); *Leonard v. Ryan's Family Steak Houses, Inc.*, 939 So.2d 401, 409 (La. Ap. 1st Cir. 2006) (affirming trial court's application of La. R.S. 9:2800.6 to case in which plaintiff fell on a tire stop); *Stewart v. Winn Dixie Louisiana, Inc.*, 686 SO.,2d 907, 911 (La. App. 5th Cir. 1996) (applying La. R.S. 9:2800.6 where delivery man in store fell, noting the merchant liability statute "'applies to 'persons' without distinction of whether they are customers or delivery men, and is pro defense legislation increasing the burden of proof on the plaintiff which would otherwise be governed by La. C.C. art. 2315.").

This Court is aware that some Louisiana district courts have not always clearly set forth the legal analysis to be employed in cases in cases involving falling customers. *See, e.g., Davenport v. Albertson's, Inc.*, 774 F.2d 340, 342 (La. App. 3rd Cir. 2000) ("To maintain a slip and fall action,

Davenport has the burden of proving the usual requirements for a negligence action (duty, breach, cause in fact, & damages) plus those found in La.R.S. 9:2800.6 . . ."). Nevertheless, based on the overwhelming majority of cases that have applied the merchant liability statute alone – without reference to the general negligence standard under Article 2315 – and given that the plaintiff has not argued application of Article 2315 in her opposition brief, this Court concludes the merchant liability statute alone, La. Rev. Stat. §9:2800, *et seq.*, is applicable to the plaintiff's claims in the instant case. Thus, to the extent the plaintiff asserts a negligence claim against Dollar General under Article 2315, such claim is properly analyzed under La. Rev. Stat. §9:2800.

Considering the foregoing, the defendant's Motion for Summary Judgment [Doc. 20] is GRANTED in its entirety, and the plaintiff's claims in this lawsuit are DISMISSED WITH PREJUDICE.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 26 day of November 2013.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE